**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
**Malone/Plattsburgh Division**

MCKAY BURLEY,
TYSON THOMAS

Plaintiffs,

vs.

CHARLES J. CHAPMAN

Defendant.

Civil Action No.: 8:24-cv-00716(AMN/DJS)

**COMPLAINT**

**JURY TRIAL DEMANDED**

## Nature of the Action

1. Plaintiffs McKay Burley and Tyson Thomas (collectively, "Plaintiffs") bring this action for declaratory, injunctive, and monetary relief against Defendant Charles J. Chapman, their next-door neighbor, in order to end his campaign of discriminatory harassment based on sex and sexual orientation in violation of the federal Fair Housing Act ("FHA" or "Act"), 42 U.S.C. § 3601 *et seq*., and the New York State Human Rights Law ("Human Rights Law" or "NYHRL"), N.Y. Exec. Law § 290 *et seq*. Plaintiffs also seek relief for Defendant Chapman's discriminatory and intentional infliction of emotional distress upon them.

## Jurisdiction and Venue

2. This Court has subject matter jurisdiction over this matter under 42 U.S.C. § 3613, 28 U.S.C. § 1331, and 28 U.S.C. § 1343(a)(3). This Court has supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367 because those claims are related to Plaintiffs' federal law claims and arise out of a common nucleus of facts. Plaintiffs' state law claims are

related to Plaintiffs' federal claims such that those claims form part of the same case or controversy under Article III of the United States Constitution.

3. This Court has authority to grant the requested declaratory and injunctive relief against Defendant under 28 U.S.C. §§ 2201 and 2202 and Rules 57 and 65 of the Federal Rules of Civil Procedure.

4. Venue is proper in the Northern District of New York under 28 U.S.C. § 1391(b) because Defendant resides in this district, the property that is the subject of this action is located in this district, and all relevant events giving rise to the claims in this action occurred in this district.

## PARTIES

5. Plaintiff McKay Burley is a 26-year-old gay man who lives with his partner, Tyson Thomas in Massena, New York.

6. Plaintiff Tyson Thomas is a 24-year-old gay man who lives with his partner, McKay Burley in Massena, New York.

7. Defendant Charles Chapman resides at and rents the property located directly next door to the Plaintiffs' home in Massena, New York. Upon information and belief, he is a heterosexual, man who is approximately 61 years of age.

## STATEMENT OF FACTS

8. Mr. Burley and Mr. Thomas signed a sales agreement for the purchase of their home in mid-November 2022, were granted early possession in December 2022, and closed on the home in the Town of Massena, New York in early-January 2023.

9. Defendant Chapman moved into the neighboring property as a tenant in February 2023.

10. Beginning in April 2023, Mr. Burley and Mr. Thomas have endured near-daily harassment by Defendant Chapman based on their sexual orientation and sex.

11. Defendant's harassment, much of which has been recorded on security cameras, has included the use of anti-gay slurs, threats of physical violence, menacing behavior, and references to the potential use of weapons.

12. In the early morning of April 24, 2023, while Mr. Burley was taking Plaintiffs' puppy outside, Defendant yelled at Mr. Burley from his kitchen window. Defendant called him a "fag" and began narrating what Mr. Burley was doing and commenting on what he looked like.

13. Defendant's comments frightened Mr. Burley and he immediately stepped out of Defendant's line of sight. Defendant then yelled, "I know you're behind that wall still listening!"

14. Mr. Burley felt unsafe, went back inside his home, and contacted the police in an effort to protect his and Mr. Thomas's right to live in their home free from discrimination.

15. On May 12, 2023, Mr. Burley was packing his car for a weekend trip with Mr. Thomas when Defendant yelled, "Faggot, I'll bash your skull open!"

16. Upon information and belief, Defendant's threat of physical harm was in retaliation for Mr. Burley contacting the police.

17. On May 14, 2023, upon returning from their weekend trip, Defendant immediately started yelling at Mr. Burley and Mr. Thomas. He threatened to fight them and their house sitter, stating: "Let's rumble. Let's fight, guys! You offered me out, remember?" When they turned to go back inside to avoid further conflict, Defendant stated "Oh, don't walk away!"

18. Fearful of being physically harmed, Plaintiffs closed their door and did not respond to Defendant's threats.

19. On May 27, 2023, when Mr. Burley's father was visiting, Defendant began yelling profanities at him, shouting in part, "Fuck you, suck my fucking dick! Homophobia is the word. Homo-phob-i-a!"

20. On June 18, 2023, Defendant again berated Mr. Thomas when he arrived home from work at approximately 11:23 p.m. yelling, “Gee, look who’s home. Yeah, right at the fucking window, jerkoff. Can’t keep your slanty eyes off my fucking window! What do ya want to see? I told ya, you have your creepy peanut butter and you spread it all over each other. . . . Just don’t spread your homosexuality on me. Homophobic slur, huh? I’ve got em on speed dial, the cops. Go for it, motherfucker! Go for it! Wimp! Go for it. And ask yourself something else. Do you feel lucky? Do ya punk? . . . How about a homophobic slur? How about a homophobic fucking slur, motherfucker?! I’m not playing your fucking games anymore, faggot! You’re standing in your fucking driveway . . . in your fucking lawn by the crackhouse, jerkoff. . . . Gays are persistent. They will not stop until they get what they want. Another dick, faggot!”

21. Defendant also posted “Homophobia!” on his Facebook page on June 18, 2023.

22. In the morning of June 20, 2023, Defendant saw Mr. Burley leave the house while sitting in his vehicle. Defendant exited his vehicle, walked over to the property line by the fence and suggested to Mr. Burley that they “meet off property to fight.” Mr. Burley did not respond.

23. On the morning of July 6, 2023, while Mr. Burley was taking Plaintiffs’ dog outside, Defendant loudly narrated a story in Mr. Burley’s direction about running someone over with a vehicle and referenced a “2000-pound weapon.” Defendant then entered his vehicle and revved the engine multiple times. While in his vehicle, Defendant called Mr. Burley “fag boy,” threatened “to run his vehicle into your [Plaintiffs’] front door,” and then drove slowly by Plaintiffs’ home in an intimidating manner.

24. On July 12, 2023, Defendant posted, “Homophobia? ‘I keep trying to tell you Al, don't F%$# with that shit!’” on his Facebook page.

25. On the evening of July 26, 2023, Defendant continuously yelled at Mr. Burley for approximately two and a half hours, calling him a "fag" when in his line of sight and telling him he will "beat you like a red headed whore."

26. The next day, on July 27, 2023, when Mr. Thomas was getting the mail and going out to walk their dog, Defendant yelled, "Fuck you, you fucking faggot, I'm going to fucking kill you, go out onto the street and I'll run you the fuck over, I am going to run my truck through your fucking door. Fuck you, faggot. I'm gonna kill you fucker."

27. The specific instances of harassment detailed above constitute just a limited set of examples of Defendant's discriminatory harassment. Since April of 2023, Defendant has harassed Plaintiffs on at least forty separate occasions.

28. Defendant has been criminally charged by law enforcement multiple times for his discriminatory conduct.

29. On July 27, 2023, Defendant was charged with Aggravated Harassment in the Second Degree, and an Order of Protection was issued by the Town Court of Massena.

30. The Order of Protection requires Defendant to stay away from Mr. Thomas, to refrain from communicating with Mr. Thomas or Mr. Burley, and prohibits Defendant from harassing, intimidating, threatening, or otherwise interfering with Mr. Thomas or Mr. Burley.

31. On August 1, 2023, Defendant was again charged with Aggravated Harassment in the Second Degree, based on his use of homophobic slurs and threats of physical violence motivated by Plaintiffs' sex and sexual orientation. Specifically, Defendant yelled at Plaintiffs: "Everyone in the gay community, kill them all. I'm trying to run you the fuck over, you faggots." He was also charged with Criminal Contempt in the Second Degree for violating the July 27th Order of Protection.

32. On August 28, 2023, Defendant was charged a second time with Criminal Contempt in the Second Degree for again violating the Order of Protection after he walked to Plaintiffs' mailbox and then on his way back to his door, made eye contact with Mr. Thomas and stated, "you have some pretty big balls coming at me to talk to me." Mr. Thomas had not attempted to speak with him and did not respond to his comment.

33. On October 13, 2023, Defendant was charged with Criminal Contempt in the Second Degree for the third time for violating the Order of Protection after he gave Plaintiffs the middle finger.

34. On January 9, 2024, while in his vehicle, Defendant yelled at Mr. Burley, "A gay man is persistent he will not stop until he gets what his gay ass wants. Your buddy is very, very fucking persistent too, that's why I targeted somebody else too." He continued to yell, "What are you gay? What are you homosexual? What are you on drugs? Too much crack cocaine, can't even fucking think straight."

35. Mr. Burley reported the harassment to the police and Defendant was charged with Criminal Contempt in the Second Degree for the fourth time for violating the Order of Protection.

36. Defendant has since pleaded guilty to multiple misdemeanors concerning his harassment of Plaintiffs and has been placed on probation for three years.

37. Defendant's threatening conduct has deprived Plaintiffs of the full use and enjoyment of their property.

38. Plaintiffs rarely go outside except out of necessity. They are unable to enjoy their yard due to Defendant's constant harassment when they are outside their home.

39. To this day, Mr. Burley and Mr. Thomas experience apprehension any time they consider taking their dogs outside and potentially being in Defendant's view.

40. Mr. Burley and Mr. Thomas have abandoned tending to their garden due to the constant harassment from Defendant.

41. Plaintiffs worry whenever they have visitors over to their home that they, too, will be subjected to Defendant's harassment based simply on their association with Plaintiffs.

42. Defendant's discriminatory actions have caused Plaintiffs mental anguish and severe emotional distress, including but not limited to feeling fearful, humiliated, upset, anxious, disturbed, angry, and overwhelmed.

## CAUSES OF ACTION

43. Plaintiffs re-allege and incorporate by reference all allegations set forth in the paragraphs above.

### Count I: Violation of the Fair Housing Act of 1968, as amended 42 U.S.C. § 3601 *et seq.*

44. Defendant's conduct as described herein constitutes:

a. The making of statements with respect to the sale of a dwelling that indicates a preference, limitation, or discrimination based on sex, in violation of 42 U.S.C. § 3604(c) and 24 C.F.R. § 100.50(b)(4).

b. Coercing, intimidating, threatening, or interfering with persons in their enjoyment of a dwelling based on sex, in violation of 42 U.S.C. § 3617 and 24 C.F.R. § 100.400.

45. As a result of Defendant's discriminatory conduct, Mr. Burley and Mr. Thomas have suffered damages and are aggrieved persons, as defined in 42 U.S.C. § 3602(i).

### Count II: Violation of the New York State Human Rights Law, N.Y. Exec. Law § 290 et seq.

46. Defendant's conduct as described herein constitutes:

a. The making of statements with respect to the sale of a dwelling that indicates a preference, limitation, or discrimination based on sex and/or sexual orientation, in violation of N.Y. Exec. Law § 296(5)(a)(3).

b. Retaliation and discrimination against Plaintiffs because they opposed Defendant's discriminatory conduct by contacting law enforcement, in violation of N.Y. Exec. Law § 296(7).

**Count III: Intentional Infliction of Emotional Distress**

47. Defendant's discriminatory conduct as described above was committed with an intent to cause, or with a reckless disregard for the substantial likelihood of causing, the Plaintiffs fear, humiliation, mental anguish, and severe emotional distress.

48. Defendant's conduct as set forth above was extreme and outrageous and would have caused any reasonable person to suffer severe emotional distress.

49. As a direct and proximate result of Defendant Chapman's harassing conduct, Mr. Burley and Mr. Thomas have suffered and will continue to suffer severe emotional distress.

**PRAYER FOR RELIEF**

WHEREFORE, for the foregoing reasons, Plaintiffs pray that this Court grants judgment in their favor, and against Defendant Chapman, as follows:

(a) Declaring that Defendant's actions violate the Federal Fair Housing Act, 42 U.S.C. § 3601 et seq., and the New York State Human Rights Law, N.Y. Exec. Law § 296 et seq.;

(b) Declaring Defendant liable to Plaintiffs for intentional infliction of emotional distress;

(c) Permanently enjoining Defendant from engaging in the conduct described herein and directing Defendant to take all affirmative steps necessary to remedy the effects of the illegal, discriminatory conduct described herein and to prevent additional instances of such conduct or similar conduct from occurring in the future;

(d) Awarding Plaintiffs compensatory and punitive damages in an amount that would fully compensate them for the injuries caused by Defendant and effectively deter similar conduct by Defendant in the future;

(e) Awarding Plaintiffs reasonable attorney's fees and costs pursuant to 42 U.S.C. § 3613(c)(2); and

(f) Awarding Plaintiffs other and further relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiffs demand a trial by jury on all issues triable as of right.

Dated: 5/29/2024

**s/ Conor Kirchner**
Conor J. Kirchner (Bar #518898)
M. Casey Weissman-Vermeulen (Bar #702110)
CNY Fair Housing, Inc.
731 James Street, Suite 200
Syracuse, New York 13203
Phone: (315) 471-0420
Fax: (315) 471-0549
Email: ckirchner@cnyfairhousing.org
Email: cweissman-vermeulen@cnyfairhousing.org
*Attorneys for Plaintiffs*